■ In the Matter of the Estate of DOROTHY M. SYKES, Deceased. ROBERT PIERCE, Respondent; HERBERT B. SYKES et al., Appellants. — In a probate proceeding, the objectants appeal from an order of the Surrogate's Court, Dutchess County (Aldrich, J.), dated March 2, 1982, which granted the motion of the respondent to enforce a stipulation dated November 7, 1980. Order affirmed, without costs or disbursements. The parties entered into a stipulation on November 7, 1980 wherein it was provided, *inter alia,* that the respondent would receive the sum of $25,000 in full satisfaction of all claims that he might have against the estate. It was further stipulated that the appellants would release the respondent from any claims they "ever had, now have, or hereafter can have" against him arising out of his actions as preliminary executor of the estate of the decedent, Dorothy Mary Sykes. This release on the part of appellants was conditioned upon the submission to them, by respondent, of an accounting of his actions as preliminary executor within 30 days. Any objections that appellants might have to that accounting were to be registered within 20 days of its receipt. The appellants have paid respondent $12,500 of the $25,000 pursuant to the stipulation. The respondent supplied an accounting on February 27, 1981. The accounting, besides being almost three months late, failed to account for several pieces of jewelry which had belonged

to the decedent, but which had apparently been lost. However, appellants did not raise any timely objections to either the lateness of the accounting or its contents; therefore, the appellants are bound by their release of respondent from all claims or causes of action which they could assert against him. Respondent, accordingly, is entitled to the $12,500 still owing to him pursuant to the stipulation. This holding, however, does not preclude the appellants from questioning the respondent on issues concerning the estate; nor does it preclude other beneficiaries from filing a claim against the respondent for his actions as preliminary executor. Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.